FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

2005 NOV -8  P 2: 57

RALPH L. DELOACH
CLERK
_____.DEPUTY
AT TOPEKA, KS.

| | |
|---|---|
| STEVEN L. MACKEY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Court File No. 05-4133-SAC |
| | ) |
| | ) |
| THE BURLINGTON NORTHERN | )   **COMPLAINT** |
| AND SANTA FE RAILWAY COMPANY, | )   **AND DEMAND FOR JURY TRIAL** |
| a Delaware Corporation | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

TO THE ABOVE-NAMED DEFENDANT AND ITS ATTORNEYS:

COMES NOW, Plaintiff, Steven L. Mackey, by his attorneys, Robert Ramsey of Brent Coon & Associates, 2010 S. Big Bend Boulevard, St. Louis Missouri, 63117, and Roger D. Fincher of Bryan, Lykins, Hejtmanek & Fincher, 222 W. 7th Street, Topeka, Kansas, 66603, and for his complaint against Defendant, The Burlington Northern and Santa Fe Railway Company, a corporation, alleges and states as follows:

1.    Plaintiff brings this action under the provisions of Title 45, Sections 1-60 of the United States Code, regulations promulgated under the authority of those sections, and other federal railroad safety laws which have been incorporated therein by decision, of which Sections 1 through 60 are commonly known and referred to as the Federal Employers' Liability Act, and under the terms of that Act this Court has jurisdiction.

2.    At all times herein mentioned Defendant was a corporation engaged in the business of owning, maintaining and operating a line and system of railroad which extended in part through Lawrence and Topeka, Kansas.

3.    At all times herein mentioned Defendant was an interstate carrier by rail and was engaged in interstate transportation and commerce.

4.    At the time of the occurrences for which this action is brought, Plaintiff was employed by Defendant as its servant and employee and part or all of Plaintiff's duties were in the furtherance of interstate commerce or directly, closely and substantially affected interstate commerce.

5.    Both Plaintiff and his employer, the Defendant herein, were engaged in interstate commerce within the meaning of the Federal Employers' Liability Act and their mutual rights and liabilities were governed and controlled by that Act at the time of the occurrence for which this action is commenced.

## COUNT I

6.    Plaintiff hereby incorporates paragraphs 1 through 5 above.

7.    On or about May 15, 2003, at or near Lawrence, Kansas, Plaintiff was engaged in performing the duties of his employment, on or about the Defendant's railroad track.

8.    At the time and place aforementioned, while in the process of traversing along a private access roadway, owned and maintained by Defendant, Plaintiff was caused to suffer a tick bite that resulted in his contracting typhoidal tuleremia.

9.    At the time and place aforesaid, Defendant, by and through its agents and employees, was then and there guilty of one or more of the following acts of negligence in violation of the Federal Employers' Liability Act, Title 45, Section 51-60 of the United States Code:

A.   Failure to adopt, install, implement and enforce a safe method and procedure for periodic inspection, maintenance, and upkeep of the area described.

B.   Failure to properly inspect, maintain, and clean its private roadways, walkways, work areas and properties used by its employees for ingress and egress, or for working areas, so that the same became hazardous to its employees.

C.   Failure to properly inspect, maintain and process the roadbed and access areas with adequate weed and pest control measures so that the same could be used with safety by its employees.

D.   Failure to provide plaintiff for the performance of said duties, task or job assigned, proper, safe and efficient work area.

E.   Finally, failure to provide Plaintiff a reasonably safe place to work required by law in such cases made and provided.

F.   Failure to warn of the applicable dangers, hazards and risks of the workplace.

10.   Plaintiff states that as a result of the negligence of the Defendant he has been caused to sustain significant and permanently handicapping injuries of typhoidal tuleremia and resulting damage to his inner ear and internal balance system. As a result of the injuries sustained by Plaintiff, he has been caused to undergo medical evaluation and treatment to those portions of his body adversely affected.

11.   Plaintiff has suffered, and because such injuries are permanent in nature, will ever in the future suffer pain, and mental anguish, and the use, movement and function of his body has been impaired.  The injuries complained of have diminished Plaintiff's ability to live and enjoy a normal life.  Plaintiff has suffered and will continue to suffer pain and emotional distress in the future.

12.   Plaintiff further states that his ability to work in the labor force has been permanently diminished.  In this regard, Plaintiff would show that he has suffered a decrease in his future wage earning capacity.  Plaintiff also states that he will sustain medical expenses in the future, the exact amount of which cannot be determined at this time.

## COUNT II

13.     Plaintiff hereby incorporates by reference paragraphs 1 through 12 above.

14.     During Plaintiff's term of employment with Defendant Railroad, Plaintiff was required to complete tasks which involved repetitive motions causing cumulative trauma caused by various machines, machinery, tools and equipment owned and operated by Defendant, ultimately resulting in Plaintiff sustaining permanently handicapping injuries to his wrists, hands and arms and other body parts.

15.     At all times relevant, Plaintiff was unaware of the latent, insidious, cumulative effects that his work-required repetitive tasks were having upon his body; and that he did not know the existence and/or the cause of his own permanent work-related injuries until less than three years prior to the commencement of this action.

16.     That the injuries sustained by Plaintiff were caused directly, in whole or in part, by the negligence of the Defendant in one or more of the following particulars:

A.      Defendant failed to exercise due care in providing Plaintiff with a reasonably safe and healthy work environment; and/or

B.      Defendant failed to take reasonably adequate precautionary steps to protect Plaintiff from reasonably foreseeable dangers associated with injuries resulting from repetitive stress; and/or

C.      Defendant failed to provide Plaintiff with an adequate in-house safety training program to educate workers concerning the insidious, cumulative effects of repetitive stress; and/or

D.   Defendant failed to protect Plaintiff from injuries resulting from repetitive stress through the use of recognized and accepted principles of industry safety and hygiene, including ergonomically designed tools and machinery, scheduled recovery times, equipment re-engineering and personal protective equipment; and/or

E.   Defendant failed to periodically monitor and assess Plaintiff's health to determine whether he was being adversely affected by repetitive stress; and/or

F.   Defendant failed to warn Plaintiff of the latent potential health risks or hazards associated with cumulative daily exposures to repetitive stress; and/or

G.   Defendant generally failed to take positive action to prevent the injury to the plaintiff, as a reasonable employer engaged in industrial activities would have done under the circumstances.

H.   Failure to warn of the applicable dangers, hazards and risks of the workplace.

17.   Plaintiff states that as a result of the negligence of the Defendant he has been caused to sustain significant and permanently handicapping injuries to his wrists, hands and arms and other body parts. As a result of the injuries sustained by Plaintiff, he has been caused to undergo medical evaluation and treatment to those portions of his body adversely affected.

18.   Plaintiff has suffered, and because such injuries are permanent in nature, will ever in the future suffer pain, and mental anguish, and the use, movement and function of his body has been impaired. The injuries complained of have diminished Plaintiff's ability to live and enjoy a normal life. Plaintiff has suffered and will continue to suffer pain and emotional distress in the future.

19.     Plaintiff further states that his ability to work in the labor force has been

permanently diminished.  In this regard, Plaintiff would show that he has suffered a decrease in

his future wage earning capacity.  Plaintiff also states that he will sustain medical expense in the

future, the exact amount of which cannot be determined at this time.

WHEREFORE, Plaintiff requests judgment against Defendant in an amount to be

determined at trial of this matter, together with his costs and disbursements.

PLAINTIFF DEMANDS TRIAL BY JURY

DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Topeka, Kansas as the proper place of trial for this matter.


Dated: _____11-8-05_____          By: _____

                                      Roger D. Fincher , KS Bar No. 16090
                                      BRYAN, LYKINS, HEJTMANEK
                                            & FINCHER
                                      222. W. 7TH Street, P.O. Box 797
                                      Topeka, Kansas 66601-0797
                                      (785) 235-5678

                                      - and -

                                      Robert B. Ramsey
                                      BRETT COON & ASSOCIATES
                                      2010 S. Big Bend Boulevard
                                      St. Louis, Missouri 63117
                                      (314) 646-0644
                                              *Counsel for Plaintiff*