# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN L. MACKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 05-4133-SAC |
| | ) |
| BURLINGTON NORTHERN SANTA | ) |
| FE RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

On August 17, 2006, the court convened a telephone status conference in this case with the parties.  Plaintiff appeared through counsel, Robert D. Ramsey.  Defendant appeared through counsel, William P. Coates, Jr..  During the telephone status conference, plaintiff and defendant's counsel discussed Defendant's Motion in Limine or, in the alternative, Opening Motion to Strike (Doc. 31) and Plaintiff's Motion for Protective Order and Motion to Compel Inspection (Doc. 34).       Upon conclusion of the telephone status conference, the court concluded that amending the scheduling order would provide the best approach to resolve these pending motions.  The court will grant in part and deny in part Plaintiff's Motion seeking a Protective Order and Motion to Compel Inspection (Doc. 34).  Accordingly,

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| All discovery completed | December 13, 2006 |
| Experts disclosed by plaintiff | October 2, 2006 |
| Experts disclosed by defendant | November 16, 2006 |
| Independent medical examinations | November 2, 2006 |
| Supplementation of disclosures | November 3, 2006 |
| Motions challenging admissibility of expert testimony | 28 days before trial |
| Final pretrial conference | January 5, 2007 |
| Proposed pretrial order due | December 27, 2006 |
| Trial docket beginning | To be determined |

1.     **Discovery**

a.     All discovery shall be commenced or served in time to be completed by

**December 13, 2006**.

b.     Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from

retained experts, shall be served by plaintiff by **October 2, 2006**, and by defendant by

**November 16, 2006**.  The parties have stipulated that rebuttal experts will not be

permitted in this case.  The parties shall serve any objections to such disclosures (other

than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S.

137 (1999), or similar case law), within 11 days after service of the disclosures upon

them.  These objections should be confined to technical objections related to the

sufficiency of the written expert disclosures (e.g., whether all of the information required

by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications).

These objections need not extend to the admissibility of the expert's proposed testimony.

If such technical objections are served, counsel shall confer or make a reasonable effort to

confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based

on those objections.  As noted below, any motion to compel discovery in compliance with

D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or

service of the response, answer, or objection which is the subject of the motion, unless the

time for filing such a motion is extended for good cause shown; otherwise, the objection

to the default, response, answer, or objection shall be deemed waived.  *See* D. Kan. Rule

37.1(b).

c.     The parties shall complete all Fed. R. Civ. P. 35 physical or mental

examinations by **November 2, 2006**.  If the parties disagree about the need for or the

scope of such an examination, a formal motion shall be filed sufficiently in advance of

this deadline in order to allow the motion to be fully briefed by the parties and decided by

the court before the examination deadline.

d.     Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served

at such times and under such circumstances as required by that rule. In addition, such

supplemental disclosures shall be served by **November 3, 2006**, which date is at least 40

days before the deadline for completion of all discovery.  The supplemental disclosures

served 40 days before the deadline for completion of all discovery must identify the

universe of all witnesses and exhibits that probably or even might be used at trial.  The

rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff

is to put opposing counsel in a realistic position to make strategic, tactical, and economic

judgments about whether to take a particular deposition (or pursue follow-up "written"

discovery) concerning a witness or exhibit disclosed by another party before the time

allowed for discovery expires.  Counsel should bear in mind that seldom should anything

be included in the final Rule 26(a)(3) disclosures, which as explained below usually are

filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1)

disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit

probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

2.      **Other Matters.**

a.      Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for **January 5, 2007 at 9:30 a.m.**, in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka, Kansas.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than **December 27, 2006**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

All applicable deadlines, settings, and specifications contained in the previous Scheduling Order entered in this case shall remain in effect except to the extent specifically addressed herein.  This amended scheduling order shall not be modified except by leave of court upon a showing of good cause.

**IT IS FURTHER ORDERED** that Plaintiff's Motion seeking a Protective Order and Motion to Compel Inspection (Doc. 34) is hereby granted in part, and denied in part.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius

K. Gary Sebelius
U.S. Magistrate Judge