# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN L. MACKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 05-4133-SAC |
| | ) |
| BURLINGTON NORTHERN SANTA | ) |
| FE RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the court upon Plaintiff's proposed Motion for Leave to File Voluntary Dismissal of Count III or in the Alternative to Amend the Scheduling Order (Doc. 43). Defendant did not file a response and whether the present motion is treated as either a dispositive or non-dispositive motion, the time to file a response has now passed.[1] Plaintiff's Motion for Protective Order and or Motion for Leave to Substitute Expert (Doc. 47)[2] and defendant's Motions to Extend Time or Suspend Certain Pretrial Deadlines (Doc. 49)[3] are also before the court. As the time to file various responses and replies have passed, the issues are therefore ripe

---

[1] *See* D. Kan. R. 6.1(d)(1) ("Responses [for non-dispositive motions] . . . shall be filed and served within 14 days of the service of the response."); D. Kan. R. 6.1(d)(2)("Responses to motions to dismiss . . . shall be filed and served within 23 days"); D. Kan. R. 7.4 (" If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

[2] Plaintiff's Motion for Protective Order and or Motion for Leave to Substitute Expert (Doc. 47), filed October 12, 2006. Defendant filed a Response on October 13, 2006. Reply was due October 26, 2006, but was never filed.

[3] Defendant's Motion to Extend Time or Suspend Certain pretrial deadlines (Doc. 49) was filed on October 19, 2006, a response was due on November 2, 2006, but was never filed.

for decision.

    **I.    Parties' Requests**[4]

Plaintiff's Motion for leave to File Voluntary Dismissal of Count III seeks to dismiss Count III of plaintiff's amended complaint or, alternatively, to amend the scheduling order to "accommodate an inspection of the equipment" because "the inspector has been sick and unable to provide dates." In plaintiff's Motion for Protective Order, plaintiff explains that at the August 18, 2006 telephone conference, the court allowed plaintiff an additional 45 days for plaintiff's chosen expert, Dr. Wasserman, to complete the necessary inspection of defendant's equipment and serve an expert report in conformity with Fed. Rule Civ. Pro. 20(a)(2)(B) upon defendant's counsel. At that time, plaintiff believed Dr. Wasserman would have recovered from his serious health problems in time to complete an inspection and submit an amended report. However, now it has been reported that Dr. Wasserman's health declined and he was unable to serve as an expert for plaintiff. Plaintiff has since found another expert, Tyler Kress, and seeks leave to substitute him for Dr. Wasserman. In contrast, defendant's Motion to Extend Time or Suspend Certain Pretrial Deadlines, seeks to extend or suspend pretrial deadlines pending the ruling on plaintiff's Motion to Dismiss and defendant's Second Motion to Strike (Doc. 45).[5]

    **II.    Telephone Status Conference**.

On November 2, 2006, the court convened a telephone status conference with the parties in this case. Plaintiff appeared through counsel, Robert D. Ramsey. Defendant appeared

---

[4] Plaintiff and defendant have filed previous motions substantively similar to the present pending motions. *See* Motion in Limine or, in the alternative, Opening Motion to Strike (Doc. 31) and Motion for Protective Order and Motion to Compel Inspection (Doc. 34).

[5] This issue, while interrelated to the motions before the court has been referred to the undersigned for report and recommendation and thus the court addressed this motion in a subsequent report and recommendation.

through counsel, William P. Coates, Jr. During the telephone status conference plaintiff and defendant's counsel discussed the above mentioned pending motions as well as Defendant's Second Motion to Limine or, in the alternative, Second Motion to Strike (Doc. 45). Upon conclusion of the telephone status conference, the court concluded that amending the scheduling order would best solve the problems posed in the pending motions.

While the court believes that plaintiff's counsel should have taken more proactive steps to resolve the pending discovery disputes, the court believes it in the best interest of the court and the parties to amend the scheduling order, rather than dismiss Count III of plaintiff's Amended Complaint (Doc. 12). The court will thus grant in part and deny in part plaintiff's Motion for Leave to File Voluntary Dismissal of Count III and Motion for a Protective Order and or Motion for Leave to Substitute Expert and grant in part and deny in part Defendant's Motions to Extend Time or Suspend Certain Pretrial Deadlines. Accordingly,

### III.  Amended Scheduling Order

After consultation with the parties, the court enters this scheduling order summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| All discovery completed | March 27, 2007 |
| Experts disclosed by plaintiff | December 18, 2006 |
| Experts disclosed by defendant | February 16, 2007 |
| Independent medical examinations | February 2, 2007 |
| Supplementation of disclosures | February 16, 2007 |
| Motions challenging admissibility of expert testimony | 28 days before trial |
| All other potentially dispositive motions (e.g., summary judgment) | May 11, 2007 |

| Event | Deadline/Setting |
|---|---|
| Final pretrial conference | April 20, 2007 @ 9:30 a.m. |
| Proposed pretrial order due | April 9, 2007 |
| Trial docket beginning | To be determined |

A. All discovery shall be commenced or served in time to be completed by **March 27, 2007**

B. Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **December 18, 2006**, and by defendant by **February 16, 2007**. The parties have stipulated that rebuttal experts will not be permitted in this case. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or

4

objection shall be deemed waived.  *See* D. Kan. Rule 37.1(b).

        C.      The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are appropriate in this case and  shall complete all such examinations by **February 2, 2007.** If the parties disagree about the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

        D.      Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served  at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **February 16, 2007**, 40 days before the deadline for completion of all discovery.  The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial.  The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires.  Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

        E.      At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures

pursuant to Fed. R. Civ. P. 26(a)(3)(A), (B) & (C). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

F.   All potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **May 11, 2007.**

G.   All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than **28 days before trial**. However, if such a motion as a practical matter will be case-dispositive, or if an evidentiary hearing on the motion is reasonably anticipated, then such a motion shall be filed in accordance with the dispositive motion deadline stated above.

H.   Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for **April 20, 2007, at 9:30 a.m.**, in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka, Kansas. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than **April 9, 2007**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*. The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in*

*Civil Cases*.

All applicable deadlines, settings, and specifications contained in the previous Scheduling Order and entered in this case shall remain in effect except to the extent specifically addressed herein. This amended scheduling order shall not be modified except by leave of court upon a showing of good cause.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Voluntary Dismissal of Count III (Doc. 43) is hereby granted in part, and denied in part.

**IT IS FURTHER ORDERED** that plaintiff's Motion for a Protective Order and or Motion for Leave to Substitute Expert (Doc. 47) is hereby granted in part, and denied in part.

**IT IS FURTHER ORDERED** that defendant's Motions to Extend Time or Suspend Certain Pretrial Deadlines (Doc. 49) is hereby granted in part, and denied in part.

**IT IS SO ORDERED.**

Dated this 2nd day of November, 2006, at Topeka, Kansas.

 s/ K. Gary Sebelius 

K. Gary Sebelius
U.S. Magistrate Judge